Filed 6/30/15  P. v. Griffin CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>  v.<br><br>BRANDON DANIEL GRIFFIN,<br><br>        Defendant and Appellant. | C075293<br><br>(Super. Ct. No. 11-CR-17899) |

A jury convicted defendant Brandon Daniel Griffin of (count I) a lewd act on a child under the age of 14, (count VI) contact with a minor with the intent to commit a sexual offense, and (count VII) possession of matter depicting a minor engaging in or simulating sexual conduct.  Count I was based on the actions of Griffin, then 18, with L.E., the sister of his best friend, who was then 12.  Counts VI and VII were based on his possession of his cell phone containing pictures and videos that had been sent to him by K.M., his 15-year-old "friend[] with benefits."  She and defendant were attending the same high school at the time.  The jury acquitted Griffin of two additional counts of lewd acts upon a child, one count of forcible oral copulation with a child, and one count of

1

continuous sexual abuse.  L.E. was the alleged victim in all of the counts for which Griffin was acquitted.

The trial court sentenced Griffin to five years in prison.

Griffin argues his trial counsel rendered ineffective assistance when he failed to object to a portion of the prosecutor's closing argument that incorrectly defined the concept of reasonable doubt.  He also argues the case should be remanded for clarification of sentencing and to reflect an additional two days of presentence custody credit.  We shall affirm the judgment, but remand for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

Count I was based on an incident involving L.E.  On January 13, 2011, when Griffin was 18 and L.E. was 12, Griffin spent the night at the home of his friend Anthony, L.E.'s older brother.  L.E. sent a text message to her friend K.L. telling her that Griffin was staying the night.  She sent K.L. another text message saying that Griffin had a condom.  She sent another text message to K.L. saying, "I told him yes."  L.E. then texted K.L., "You'll still love me even if I do, right?"  Finally, because L.E. and K.L. had heard the quote in a movie they had watched, L.E. texted:  "Getting the text.  . . . It was not fun and definitely not what you see on TV."

At some point during the night, Griffin went into L.E.'s bedroom, and after kissing her, he undressed her from the waist down and put his penis inside her.  He used a condom, and did not ejaculate.  He left when he heard a noise.  Afterward, L.E. texted K.L., "It was not fun and definitely not what you see on TV."  The incident came to light when K.L.'s mother, suspicious of her daughter's behavior, read the messages on K.L.'s cell phone.

The prosecution's medical expert could not render an opinion on whether or not a sexual assault had taken place after examining L.E. and her medical records from just after the incident.  L.E.'s hymen was normal for a teenager.

2

L.E. was alleged to have been the victim in counts II, III, IV, and V, of which Griffin was acquitted. L.E. gave many inconsistent accounts of what had happened between her and Griffin.

Counts VI and VII involved K.M. When K.M. was 15, she and Griffin were "friends with benefits." They were in high school together. Griffin asked K.M. to send him "[p]rivate" pictures of her. She did so. She also sent him two videos of herself masturbating.

DISCUSSION

I

Effective Assistance of Counsel

Griffin argues he received ineffective assistance of counsel because his trial attorney failed to object to part of the prosecutor's closing argument. The portion of the argument to which Griffin now objects concerned the prosecutor's attempt to explain reasonable doubt. The prosecutor first explained that if the evidence pointed to a reasonable conclusion that the defendant was not guilty, then the jury must find him not guilty, but that the jury could only accept reasonable conclusions. He then said:

> "So when you're looking at all the circumstantial evidence -- and, frankly, when you're assessing the entire case and the evidence and whether or not a case is proved beyond a reasonable doubt, one way to look at it is, is the defense version of the case reasonable? And I'll ask you to look at all that evidence. Are all of the things that the defense is saying isn't proved a reasonable version, based on your entire look at the evidence?"

Griffin argues this was misconduct because it shifted the burden to the defense to present a reasonable case. He relies primarily on *People v. Hill* (1998) 17 Cal.4th 800. In that case the prosecutor argued the following meaning of reasonable doubt:

> " 'It's not all possible doubt. Actually, very simply, it means, you know, you have to have a reason for this doubt. *There has to be some evidence on which to base a doubt*.' " (*People v. Hill, supra*, 17 Cal.4th at p. 831.)

3

The Supreme Court held that the comments were ambiguous, but were misconduct inasmuch as they could reasonably be interpreted to suggest the prosecution did not have the burden of proving every element of the charged crime, and were wrong on the law to the extent the statement claimed there must be some affirmative evidence demonstrating a reasonable doubt. (*People v. Hill, supra*, 17 Cal.4th at pp. 831-832.)

Griffin raises the claim here as one of ineffective assistance of counsel, rather than prosecutorial misconduct, because his trial counsel failed to object to the prosecutor's argument. " 'As a general rule a defendant may not complain on appeal of prosecutorial misconduct unless in a timely fashion--and on the same ground--the defendant made an assignment of misconduct and requested that the jury be admonished to disregard the impropriety. [Citation.]' " (*People v. Hill, supra,* 17 Cal.4th at p., 820.)

A defendant seeking to reverse a conviction by asserting a claim of ineffective assistance of counsel must show first that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and second a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 694 [80 L.Ed.2d 674, 693, 698].)

We will not reverse Griffin's conviction because, even if we assume that the prosecutor committed misconduct under *People v. Hill* and defense counsel was deficient by failing to object to the prosecutor's argument, it is not reasonably probable that the result would have been more favorable to him if his trial court had objected.

The jury was instructed that it must follow the law as the court instructed, and that if the attorneys' comments conflicted with the instructions, the jury must follow the instructions. The trial court instructed that the prosecution was required to prove the defendant guilty beyond a reasonable doubt and instructed with the standard reasonable doubt instruction. The trial court did not give any instruction that would have led the jury

4

to believe the defense had the burden of producing evidence to demonstrate a reasonable doubt.

We presume the jury followed the trial court's instructions. (*People v. Holt* (1997) 15 Cal.4th 619, 662.) "When argument runs counter to instructions given a jury, we will ordinarily conclude that the jury followed the latter and disregarded the former, for '[w]e presume that jurors treat the court's instructions as a statement of the law by a judge, and the prosecutor's comments as words spoken by an advocate in an attempt to persuade.' [Citation.]" (*People v. Osband* (1996) 13 Cal.4th 622, 717.)

Further, defense counsel emphasized the reasonable doubt standard in his own argument. After reviewing the prosecutor's and the defense counsel's arguments on reasonable doubt, as well as the trial court's instructions, we conclude Griffin has not established a reasonable probability that the result would have been more favorable to him if his trial counsel had objected to the prosecutor's argument. Accordingly, no ineffective assistance of counsel has been established.

## II
## Remand for Sentence Clarification

The trial court's imposition of sentence requires clarification, and we will remand for resentencing. The trial court sentenced Griffin as follows:

> "I am now going to sentence Mr. Griffin to Count Three [(the court must have meant count VII)], a felony violation of Penal Code Section 311.11 [subdivision] (a), that carries the sentencing range of 16 months, two years and three years. I am going to sentence him to the upper term of three years in state prison. I am selecting the upper term because this crime shows a degree of callousness to the effects of his conduct toward minor girls. This is evidenced by the fact the circumstance giving rise to Count Three [(count VII)] occurred after the defendant had been questioned by law enforcement regarding his conduct concerning even the younger victim in Count One.

> "For a subordinate term, Count One, the violation of Penal Code Section 288 [subdivision] (a), that carries a sentencing range of three years, six years, and eight years, I am now going to impose the lower term of

5

three years. And I am going to impose the one-third of the middle term of six years for a total number of years of two years imposed.

"That is going to be consecutive to the sentence in Count Three [(count VII)]. I am now going to stay all portions of that term except one-third of the mid term of six years for total unstayed sentence of two years on that particular count.

"The Court orders now that the term in Count One, the [Penal Code section] 288 [subdivision] (a) is to run consecutive to the term in Count Three [(count VII)]. I have chosen to run these terms consecutive, these two counts consecutive for the reason that the offenses occurred against separate victims and at separate times and places. The offense in Count Two [(the court probably meant count VI)], the violation of [Penal Code section] 288.3, I believe it was 288.3 -- it was a [Penal Code section] 311 offense. Count Three [(count VII)], in any event is stayed pursuant to [Penal Code] Section 654.

"To recapitulate, I have sentenced now the defendant to three years on Count Three [(count VII)]. I have stayed the sentence on Count Two [(count VI)] pursuant to [Penal Code] Section 654, and I have imposed a two year sentence on Count One. This amounts to a total of five years imposed."

The sentence on count I needs clarification in the following manner. The court stated on the one hand that it was imposing the lower term of three years, and in the next sentence that it was imposing one-third the middle term. The court also stated it was going to stay all portions of "that" term except one-third of the midterm, presumably referring to the term imposed for count I. If so, this does not comport with the court's "recapitulat[ion]" that simply imposed a two-year sentence on count I. We assume the court intended to impose one-third the middle term, as stated in the court's "recapitulat[ion]," but as we are remanding for resentencing, the trial court should clarify this.

The court simply stayed the sentence for count VI, instead of imposing a term, then staying it. It is unauthorized sentencing error to fail to pronounce sentence first, then stay the execution of the sentence. (*People v. Crabtree* (2009) 169 Cal.App.4th 1293, 1327.) We will therefore remand with directions to correct this error.

6

### III
### Presentence Credit

Defendant argues he was in custody for a period of 579 days from his arrest until his sentencing. As such, he should have been awarded 579 actual days and 86 days pursuant to Penal Code section 2933.1. He was awarded only 577 actual days. The People agree that Griffin is entitled to two additional days.

### DISPOSITION

The case is remanded to the trial court for clarification of the sentence. The trial court is directed to impose a term for count VI before staying the sentence pursuant to Penal Code section 654, and to correct the abstract of judgment to reflect an additional two days of presentence custody credit for a total of 579 actual days served rather than 577 days. The court is further ordered to forward the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

    BLEASE    , Acting P. J.

We concur:

    NICHOLSON    , J.

    HULL    , J.

7